IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| JESSICA RENEE STELL, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-447-A |
| | § | (NO. 4:14-CR-154-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Jessica Renee Stell ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, pertinent parts of the record in Case No. 4:14-CR-154-A, styled "United States of America v. Jessica Renee Stell," and applicable authorities, the court has concluded that the motion is untimely and must be dismissed.

I.

Background

On July 22, 2014, movant was named in a one count indictment charging her with bank robbery, in violation of 18 U.S.C. § 2113(a). CR Doc.[1] 3. On August 28, 2014, movant signed a plea agreement. CR Doc. 22. She also stipulated to a factual resume setting forth the elements of the bank robbery, including that

---

[1]The "CR Doc." reference is to the number of the item on the docket in the underlying criminal case, No. 4:14-CR-154-A.

movant told bank employees that she had a gun and would shoot the teller and others in the bank. CR Doc. 21 at 2-3. These items were filed at the rearraignment on September 12, 2014. CR Doc. 19. Pursuant to the plea agreement, movant agreed to plead guilty and the government agreed that it would not bring additional charges against her for five other bank robberies she committed. CR Doc. 42 at 5-6.

On December 31, 2014, the court sentenced movant to a 120-month term of imprisonment. CR Doc. 42. At the sentencing hearing, there was a discussion between the court and counsel for movant regarding her brandishing of a firearm during the robbery. Id. at 7-10. During allocution, movant never claimed that she did not have a firearm; rather, she merely apologized and blamed her conduct on drugs. Id. at 16. The judgment was signed January 5, 2015. Movant did not appeal.

## II.

## Ground of the Motion

Movant does not state succinctly any ground in support of her motion. Rather, she cites to Johnson v. United States, 135 S. Ct. 2551 (2015), and Welch v. United States, 136 S. Ct. 1257

(2016), arguing that her sentence "has now been deemed illegal and unconstitutional." Doc.[2] 1 at 1.

III.

Applicable Legal Principles

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal.

---

[2] The "Doc." reference is to the number of the item on the docket in this civil action.

Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

IV.

Analysis

Movant's time for filing a motion to vacate, set aside, or correct sentence has already expired. Thus, to pursue relief, movant must show that Johnson has been made retroactively applicable to her case. Specifically, section 2255 provides with regard to limitations:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of ---
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . .

28 U.S.C. § 2255(f)(3).

The Supreme Court has made abundantly clear that the limitation period of § 2255 is to be strictly construed in

accordance with the words used by Congress. Dodd v. United States, 545 U.S. 353, 359 (2005). And, that is so even if the result is harsh. Id. See Fierro v. Cockrell, 294 F.3d 674, 684 (5th Cir. 2002)(noting that the limitations period is strictly applied and "subject only to the narrowest of exceptions").

The holding in Johnson is that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. In particular, the Court says that its decision does not call into question any other provision of the Act. Id. And, in Welch v. United States, the Court reminded: "Johnson considered the residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B)(ii). The Court held *that provision* void for vagueness." 136 S. Ct. at 1260-61 (emphasis added). The Court concluded, "Johnson announced a substantive rule that has retroactive effect in cases on collateral review." Id. at 1268.

The right announced in Johnson specifically pertains to 18 U.S.C. § 924(e)(2)(B)(ii). The statute at issue in movant's sentencing is 18 U.S.C. § 2113(a), a provision specifically not at issue in Johnson. The right asserted by movant is not "the right . . . [that] has been newly recognized by the Supreme Court

and made retroactively applicable." Accordingly, § 2255(f)(3) does not apply and movant's motion is untimely.

The court further notes that movant's argument is based on the contention that she did not possess a firearm or weapon. Doc. 1 at 4. That is, she says that the court wrongly applied the enhancement for specific offense characteristics in U.S.S.G. § 2B3.1(b)(2). However, misapplication of the sentencing guidelines is not a claim cognizable under § 2255. United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999). Thus, movant would not be entitled to relief even had her motion been timely.

V.

Order

The court ORDERS that all relief sought by movant in her motion under 28 U.S.C. § 2255 be, and is hereby, dismissed as untimely.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the

denial of a constitutional right.

SIGNED June 13, 2016.

_____
JOHN McBRYDE
United States District Judge